## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN)

| | | |
|---|---|---|
| **Jody Hurley** | * | |
| **12214 Dover Road** | | |
| **Reisterstown, Maryland  21136** | * | |
| Plaintiff, | * | Case No: |
| v. | * | |
| **Becton, Dickinson and Company** | * | |
| **Stanley And Cornelia Streets** | | |
| **East Rutherford, New Jersey 07070** | * | |
| Defendant | | |
| **Serve on Resident Agent:** | * | |
| **The Corporation Trust, Incorporated** | | |
| **2405 York Road** | * | |
| **Suite 201** | | |
| **Lutherville Timonium Md 21093-2264** | * | |

\*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT FOR MONETARY DAMAGES
## AND DEMAND FOR JURY TRIAL

Now comes Jody Hurley, Plaintiff, (herein "Hurley" or "Plaintiff") by and through undersigned counsel and files this Complaint against the Defendant, Becton, Dickenson and Company (herein "Defendant" or "BD") and states as follows:

### Introduction

This case is hereby brought by Jody Hurley, a former employee of the Defendant, for unpaid overtime wages due under the Fair Labor Standards Act, (herein "FLSA"). Hurley, who had been employed as a contract analyst for many years, was forced to work overtime in order to complete her duties, with the full knowledge and authorization of her supervisor.  The Defendant

1

failed to compensate Hurley for the overtime hours despite her not being an exempt employee. The suit seeks damages under the FLSA as well as treble damages and attorneys' fees available under the Maryland Wage Payment and Collection Law (herein "MWPCL"). Additionally, Plaintiff alleges violations of the Maryland Healthy Working Families Act (herein "MHWFA").

### Parties

1. Plaintiff, Jody Hurley, is and has been at all times pertinent to the Complaint, a resident of Reisterstown, Maryland in Baltimore County.
2. At all material times, Hurley was employed by BD at its Sparks, Maryland location.
3. At all material times, the Defendant, Becton, Dickenson and Company was incorporated under the laws of the State of Maryland and operated a facility in Sparks, Maryland and was an employer under the FLSA and the Maryland Wage Payment and Collection Law, Maryland Labor and Employment §§3-501 *et seq*. (MWPCL).
4. At all material times, the Defendant, BD, was an employer as defined by the Maryland Healthy Working Families Act, MD Lab & Emp Code § 3-1303 (2018)

### Jurisdiction and Venue

5. This Court has jurisdiction over the overtime claims raised in this matter pursuant to the FLSA, 29.U.S.C. §201 et seq. and supplemental jurisdiction over claims raised pursuant Md. Code, Labor and Employment Code.

### Facts Common to All Counts

6. Plaintiff was first hired by the Defendant 30 years ago and at the time of her termination was working as a contract analyst.
7. During the entire three-year period preceding her termination, Hurley was not paid for any of the overtime that she worked in order to fulfill the duties required of a contract

analyst.

8. Although Defendant provided the Plaintiff with paid sick and other paid time off, Plaintiff suffered retaliation when she utilized such time.

### Count I – Violation of Maryland Wage and Hour Laws

9. Plaintiff incorporates by reference paragraphs 1 through 8.

10. Defendant's employee and Hurley's supervisor, Kim Baker ("Baker"), was well aware that Plaintiff was working numerous hours of overtime, prompting her to inform Hurley that she was only authorized to work until 7:00 pm each evening.  Despite this knowledge, Defendant failed to compensate Hurley for any and all overtime hours worked.

11. Plaintiff, in addition to notifying Baker that she was routinely working over 40 hours per week in order to complete her assigned tasks, was required to swipe to enter and leave the building each day and further was required to login to the BD system, leaving an electronic record of all hours worked.

12. Defendants' failure to pay overtime to Plaintiff were willful and intentional violations of the MWHL.

   WHEREFORE, Plaintiff demands judgment against Defendant, in the amount of unpaid overtime, plus liquidated damages in an treble amount, plus prejudgment interest, plus attorneys' fees and the costs of this action.

### Count II – Violation of the Fair Labor Standards Act 29 U.S.C. § 201 et seq.

13. Plaintiff hereby repeats and incorporates by reference Paragraphs 1 through 12 of the Complaint.

14. Defendants were aware that Plaintiff was a non-exempt worker and were aware of her

hours and duties or reasonably should have been aware of them and failed to compensate her for all overtime hours worked.

15. Defendants' failure to pay overtime to Plaintiff was a willful and intentional violation of the FLSA.

WHEREFORE, Plaintiff demands judgment against in the amount of her unpaid overtime hours, plus liquidated damages in an equal amount, plus prejudgment interest, plus attorneys' fees and the costs of this action.

### Count III –  Violation of the Maryland Wage Payment and Collection Law

16. Plaintiff incorporates by reference paragraphs 1 through 15 of the Complaint.

17.  Pursuant to the MWPCL, Defendant was required to pay Hurley for all amounts owed to her for work performed before her termination and before the date that the Employee would have been paid had she not been terminated, or not later than two week thereafter.

18. Defendants have failed and refused to pay Hurley in her final paycheck all of the "wages", including overtime wages, that she was due under the Act and therefore Defendants are in violation of the Act.

19. The failure and refusal to pay Hurley for all wages due and owing was not the result of any no bona fide dispute over Defendants liability to pay such wages.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of her unpaid wages, plus liquidated damages in a treble amount, plus prejudgment interest, plus attorneys' fees and the costs of this action.

### COUNT IV

20. Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint.

21. Defendant provided the Plaintiff and other employees with paid sick leave and other paid

time off.

22. Defendant, in violation of the Maryland Healthy Working Family Act (MD Lab & Emp Code § 3-1311 (2018), retaliated against the Plaintiff for using such leave to care for herself and sick family members by issuing "write-ups" and taking other disciplinary actions.

23. Defendant's employee and Plaintiff's supervisor, Kim Baker, further violated the MHWFA by requiring the Plaintiff to provide a doctor's note for isolated absences due to illness.

WHEREFORE, Plaintiff demands judgment against in the amount of $120,000, plus treble damages, punitive damages, prejudgment interest, plus attorneys' fees and the costs of this action.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable by a jury.

_____/s/_____
John M. Singleton, Esq. Bar # 02275
The Singleton Law Group
17010 York Road, Suite 103
Parkton, Maryland 21120
(410) 902-0073 Fax (410) 357-3804
jsingleton@singleton-law.com
Attorney for Plaintiff