IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JODY HURLEY,<br><br>            Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY,<br><br>            Defendant. | Case No. 1:20-cv-00456-ELH |

### MOTION AND MEMORANDUM IN SUPPORT OF THE JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE

By and through counsel, Plaintiff Jody Hurley and Defendant Becton Dickinson and Company (together, "Parties") respectfully submit this Motion and Memorandum in Support of the Joint Motion to Approve Settlement Agreement and Release, and request that the Court approve the FLSA Settlement Agreement and Release ("Settlement Agreement") that the Parties have reached concerning Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter, "FLSA"), and related Maryland state law claims.

The Parties seek Court approval of this settlement because claims under the FLSA, like those released by the Plaintiff in the FLSA Settlement Agreement, may not be waived or released in this Circuit without approval by the U.S. Department of Labor or a court. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F. 3d 364, 374 (4th Cir. 2005), *vacated on other grounds*, 493 F. 3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010). In support of their joint motion, the Parties state as follows:

1. Plaintiff alleges that Defendant violated the FLSA, the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Empl., § 3-415 ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code, Labor & Empl., § 3-501 ("MWPCL"), by failing to pay overtime wages. *See* Am. Compl. ¶¶ 19-29 (ECF No. 10). Plaintiff also sought treble damages under the MWPCA for alleged failure to timely pay Plaintiff all wages due. *See* Am. Compl. ¶ 29.

2. The Parties engaged in mediation before Magistrate Judge Beth Gesner on November 3, 2020. After prolonged negotiations following the initial mediation session, the Parties reached a settlement, which has now been reduced to writing in Settlement Agreement. Prior to reaching the settlement, the Parties engaged in substantial discussion regarding Plaintiff's claims, exchanged offers and information regarding the nature and extent of Plaintiff's claims and Defendant's defenses.

3. Based upon the extensive discussions, Defendant presented information that Plaintiff worked limited hours over 40, if any at all. Accordingly, Defendant took the position that even if, *arguendo*, Plaintiff were to prevail upon her theory of her wage-based claims, her alleged claims for unpaid overtime would be limited. Therefore the amount allocated to the wage-based claims, and the equal amount allocated to alleged liquated damages is reasonable.

4. The Parties now seek approval of their Settlement Agreement and dismissal of Plaintiff's claims with prejudice.

5. The waiver and release provision is limited to only wage and wage-related claims and thus narrow in scope. *See* Settlement Agreement, Paragraph 5.

6. Courts within this District have followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d

1350 (11th Cir. 1982); *see, e.g. Gorham v. Regency Mgmt. Servs.*, LLC, No. 15-cv-3129, 2016 U.S. Dist. LEXIS 122032 (D. Md. Sept. 8, 2016); *Ortega v. Choice Stairways*, No. 16-cv-2694, 2016 U.S. Dist. LEXIS 117259 (D. Md. Aug. 31, 2006); *Torres v. Washrite Plus, Inc*., No. 15-cv-2982, 2016 U.S. Dist. LEXIS 100046 (D. Md. Aug. 1, 2016).

7.  Relying on this authority, courts in this Circuit have held that a FLSA claim can be waived or settled where the employer and employee present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1353, 1355. Four factors should be examined to determine whether a proposed settlement is fair and reasonable: (i) was the settlement achieved in an adversarial context? (ii) were the plaintiffs represented by attorneys who can protect their rights? (iii) does the settlement reflect a reasonable compromise over issues that are actually in dispute? and (iv) is the settlement fair? *See id.* at 1354.

8.  With regard to these factors, the Parties note: (i) the Settlement Agreement was negotiated at arm's length with the involvement of experienced counsel for both parties and the assistance of a neutral mediator, Magistrate Judge Gesner; (ii) the Parties settled this matter after exchanging numerous offers and additional information related to Plaintiff's claims and Defendant's defenses; (iii) the settlement reflects reasonable compromises regarding *bona fide* disputes between the Parties regarding the questions of liability, hours worked, and the amount of alleged damages; and (iv) the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims.

9. The Court should also take into account the risks inherent in litigation. *Edelen v. Am. Residential Servs., LLC*, No. 11-cv-2744, 2013 U.S. Dist. LEXIS 102373, at *25-6 (D. Md. July 22, 2013) ("The existence of these disputed legal and factual issues creates uncertainty and risk for all parties moving forward."). Here, the Parties recognize that there are disputed issues of fact regarding, *inter alia*, (1) whether Plaintiff's position qualified for an overtime exemption under federal or state law; and (2) the amount of hours Plaintiff worked.

10. Based on the information and documents exchanged between the Parties before reaching a settlement, the Parties believe that the settlement amount is fair and reasonable.

11. The settlement provides a reasonable amount to compensate Plaintiff for her attorneys' fees and costs. *See* Settlement Agreement, ¶2(b)(iii). "Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (internal citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. See *Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (internal citation omitted). The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id.* In this regard, counsel for Plaintiff certifies that the amount claimed is far less than that certified through the quarterly statement filings in this matter, in which Plaintiff's

counsel has identified as rate of $475 per hour for work performed this matter and a paralegal rate of $150 per hour for work performed. In sum, the fees that Defendant has agreed to pay are reasonable.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Settlement Agreement, and dismissing this action with prejudice.

DATED:  February 4, 2021				Respectfully submitted,


/s/ S. Libby Henninger
S. Libby Henninger (Bar No.: 17389)
Littler Mendelson, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
202.842.3400 (telephone)
202.842.0011 (facsimile)
lhenninger@littler.com

*Counsel for Defendant Becton Dickinson and Company*


/s/ John Singleton
John M. Singleton, Esq. (Bar # 02275)
The Singleton Law Group 17010 York Road, Suite 103
Parkton, Maryland 21120
(410) 902-0073
Fax (410) 357-3804
jsingleton@singleton-law.com

*Counsel for Plaintiff Jody Hurley*

6.

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 4th day of February, 2021, a copy of the foregoing Motion and Memorandum in Support of the Joint Motion to Approve Settlement Agreement and Release was electronically filed with the Clerk of Court using the CM/ECF system which will then send a notification of such filing to the following:

John M. Singleton, Esq.
The Singleton Law Group
17010 York Road, Suite 103
Parkton, Maryland 21120
jsingleton@singleton-law.com

*Counsel for Plaintiff Jody Hurley*

                                                          */s/* S. Libby Henninger
                                                          S. Libby Henninger